Filed 10/20/21  County of Alameda v. Eluyera CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COUNTY OF ALAMEDA,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>OLUBUKOLA FREEMAN ELUYERA,<br><br>　　　Defendant and Appellant. | A162018<br><br>(Alameda County<br>Super. Ct. No. HF19025621) |

Defendant Olubukola Freeman Eluyera[1] appeals in propria persona from an order denying his motion to vacate a judgment determining paternity and child support.  Defendant contends that the trial court lacked personal jurisdiction over him and that his paternity was not established by admissible evidence.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, the Alameda County Department of Child Support Services (Department) filed a summons and complaint (Judicial Council Forms, form FL-600) regarding parental obligations against defendant, seeking to establish child support for minor I.A.  The complaint identified I.A.'s parents as O.A. and defendant and alleged that I.A. was "conceived

---

[1]　　Throughout his papers, defendant identifies himself as a man "known to use the name Olubukola-Freeman: Eluyera."

during the marriage of mother and father." The proposed judgment (Judicial Council Forms, form FL-630) specified monthly child support from defendant in the amount of $1,354 beginning in August 2019, as well as an order requiring defendant to provide and maintain health insurance coverage for the minor.

In January 2020, the Department filed a proof of service stating in relevant part that on December 20, 2019, the declarant served defendant by first class mail, postage prepaid, with copies of the summons; complaint; proposed judgment; blank answer (Judicial Council Forms, form FL-610)[2]; information sheet for service of process (Judicial Council Forms, form FL-611); income and expense declaration (Judicial Council Forms, form FL-150); visitation verification; and health insurance information form. The documents were mailed to an address in Texas with return receipt requested. The proof of service attached a certified mail receipt dated December 27, 2019, purporting to bear defendant's handwritten name and signature. The complaint informed defendant that if he did not file the attached answer within 30 days from the date of service, "the proposed *Judgment* will become a final determination that you are the parent and responsible for support."

In February 2020, the Department moved for judgment regarding child support and health care.

On May 11, 2020, defendant filed an "Affidavit of Status" in which he stated he was a "Non-State Citizen" and "security interest holder" to property belonging to a corporate entity named Olubukola Freeman Eluyera, which he referred to as the "Debtor." He stated that all contracts and legal duties of

---

[2]     Judicial Council Forms, form FL-610 has been approved for mandatory use and therefore "must be used by all parties[.]" (Cal. Rules of Court, rule 1.31(a).)

2

the Debtor "have been lawfully cancelled, rescinded, and/or revoked" and that he was "distinguished, set apart and object[ed] to any and all body attachments to the Debtor." Defendant further stated that no agency or corporate entity had jurisdiction over him.

Defendant also filed an "Affidavit of Denial of Acknowledgment of Paternity and Parentage" in which he stated he was not a party to any valid contract with the State of California or the Department that required him to pay money or submit to DNA testing. He further expressed his lack of consent and his objection to the jurisdiction of the trial court. Additionally, defendant denied being the biological and legal father of I.A, stating he "did not have sexual intercourse with [O.A.]" in California and "there's no evidence to the contrary."

The hearing on the Department's motion for judgment was rescheduled several times. Each time, either the Department or the clerk of the superior court served notice of the rescheduled hearing date.

On July 2, 2020, the trial court held a hearing on the Department's motion for judgment regarding child support and health care. Neither parent was present. The trial court found that it had jurisdiction over defendant and that defendant was the father of I.A. The court ordered that defendant pay monthly child support in the amount of $1,349 commencing August 1, 2019–December 31, 2019, and $1,264 per month commencing January 1, 2020, and that he also provide and maintain health insurance for the minor. Judgment was entered on July 23, 2020.

Defendant moved to vacate and quash the judgment. He argued the trial court lacked jurisdiction over him because the summons, minute order of the July 2, 2020 hearing, and the judgment were not properly served on him. Defendant further argued that he "had no acknowledgment and did not

3

consent to this action and or hearing an[d] was found to be the father of the minor child . . . without having proper notice[.]  Defendant never received service of summons upon himself granting him his right to defend himself under due process of law."  In support of the motion, defendant submitted copies of the "Affidavit of Status" and "Affidavit of Denial of Acknowledgment of Paternity and Parentage" that he had previously filed in May 2020.

On December 10, 2020, the trial court held a hearing on defendant's motion to vacate and quash the judgment.  Defendant argued there was no notice or proof of service of the July 2, 2020, hearing and no proof of paternity or "DNA confirmation."  Thus, according to defendant, "jurisdiction ha[d] not been established to have an order entered against [him]."

In January 2021, the trial court issued a "short form order after hearing" (Judicial Council Forms, form FL-688) that denied defendant's motion to vacate and quash the judgment.  Defendant now appeals from that order.

## DISCUSSION

A trial court's decision to grant or deny a motion to set aside a judgment is generally reviewed for abuse of discretion.  (*Philippine Exp. & Foreign Loan Guar. Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058, 1077.)  Where a defendant moves to quash service of process and there is no conflict in the evidence, the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record.  (*Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1062.)  If there are conflicts in the evidence, we review the trial court's express or implied factual findings under the substantial evidence standard, drawing all legitimate and reasonable inferences to uphold the judgment.  (*Vons Companies, Inc. v.*

4

*Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449; *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597–598.)

A summons may be served on a person outside California "by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." (Code Civ. Proc., § 415.40.)

Defendant contends service by mail was defective because the attorney for plaintiff County of Alameda "failed to provide proof of acknowledgment of receipt which would be considered evidence of the personam jurisdiction the lower court lacked, making the judgment against [defendant] void." To the contrary, the Department filed a proof of service attaching a certified mail receipt bearing the name defendant admits he is known to use, along with his purported signature. The proof of service, which showed service in compliance with the requirements of Code of Civil Procedure section 415.40, created a presumption that defendant received the summons and complaint (Evid. Code, § 641; Code Civ. Proc., § 1013a, subd. (3)), and defendant submitted no evidence rebutting that presumption or casting doubt on his signature on the certified mail receipt.[3] In any event, the proof of service, on its own, constituted substantial evidence supporting the trial court's determination that defendant was properly served.

Defendant's arguments regarding the paternity determination fare no better. He complains that the Department "solely acted on the hearsay

---

[3] The affidavits attached to defendant's motion to vacate and quash did not deny defendant's receipt of the summons, complaint, and other notices and forms. Rather, defendant merely attempted to distinguish himself from a corporate entity he identified as the Debtor and expressed his refusal to consent to the trial court's jurisdiction.

testimony of the acting Attorney and/or the other parent," and that the trial court "made its ruling on presumptions, assumptions and hearsay without acknowledging the sworn unrebutted Affidavits under penalty of perjury[.]" In so arguing, defendant overlooks his own failure to file an answer to the complaint and the effect of his default under the summary procedures for determining paternity and child support as set forth in the Family Code.

Local child support agencies have "the responsibility for promptly and effectively establishing, modifying, and enforcing child support obligations." (Fam. Code, § 17400, subd. (a).) "In bringing an action to enforce these obligations, child support agencies must use 'simplified summons, complaint, and answer forms' developed by the Judicial Council." (*County of Los Angeles Child Support Services Dept. v. Watson* (2019) 42 Cal.App.5th 638, 642.) The complaint must be accompanied by a proposed judgment and "shall include a notice to the support obligor that the proposed judgment will become effective if the obligor fails to file an answer with the court within 30 days of service." (Fam. Code, § 17400, subd. (d)(2).)

The Family Code sets forth the process for entering judgment in circumstances such as those presented here. "Notwithstanding any other law, in an action filed by the local child support agency pursuant to Section 17400, 17402, or 17404, a judgment shall be entered without hearing, without the presentation of any other evidence or further notice to the defendant, upon the filing of proof of service by the local child support agency evidencing that more than 30 days have passed since the simplified summons and complaint, proposed judgment, blank answer, blank income and expense declaration, and all notices required by this division were served on the defendant." (Fam. Code, § 17430, subd. (a).) "If the defendant fails to file an answer with the court within 30 days of having been served as specified in

6

subdivision (d) of Section 17400, or at any time before the default judgment is entered, the proposed judgment filed with the original summons and complaint shall be conformed by the court as the final judgment and a copy provided to the local child support agency, unless the local child support agency has filed a declaration and amended proposed judgment pursuant to subdivision (c)." (Fam. Code, § 17430, subd. (b).)

Here, the Department utilized the simplified forms developed by the Judicial Council for child support actions. The proof of service indicates the service package included the Judicial Council forms for, among other things, the summons and complaint, proposed judgment, blank answer, and information sheet. As discussed, the complaint informed defendant that his failure to file the attached answer form within 30 days of service would result in the proposed judgment becoming the final determination of his parentage and support obligations. The record contains no answer filed by defendant on mandatory Judicial Council Forms, form FL-610, and defendant does not contend he filed one. Nor does defendant contend or demonstrate that his self-styled affidavits constituted an answer to the complaint. Because defendant failed to file an answer within 30 days of service or before judgment was entered, judgment was properly entered against him. (Fam. Code, § 17430, subd. (b).) Accordingly, defendant's evidentiary arguments challenging the court's paternity determination do not support vacating the judgment, and defendant does not otherwise demonstrate any basis for relief from his default.

## DISPOSITION

The order denying defendant's motion to vacate and quash the judgment is affirmed. Plaintiff shall recover its costs on appeal.

7

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P. J.


_____
Rodriguez, J.

A162018/*County of Alameda v. Eluyera*

8